**RIMON P.C.**
Proposed Counsel for Kenneth P. Silverman, Esq.
  Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Brian Powers
Courtney M. Roman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

NEUEHOUSE INC.,
fdba CULTUREWORKS INC.
fdba FOTOGRAFISKA NEUEHOUSE INC., et al.,

Debtors.

Chapter 7
Case No. 25-11937 (MG)
(Jointly Administered)

-------------------------------------------------------------x

## NOTICE OF FILING OF TRUSTEE'S MOTION
## FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 365(A),
## AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES

**PLEASE TAKE NOTICE**, that on September 30, 2025, Kenneth P. Silverman, Esq., the interim chapter 7 trustee (the "Trustee") of NeueHouse Inc., fdba Cultureworks Inc., fdba Fotografiska Neuehouse Inc., et al. (the "Debtors"), filed the *Trustee's Motion for Entry of an Order Pursuant to 11 U.S.C. § 365(A), Authorizing the Rejection of Certain Unexpired Leases* (ECF Doc. No. 24) (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion shall be set forth in writing, filed with the Bankruptcy Court and served upon (a) Rimon P.C., 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Brian Powers, Esq. (brian.powers@rimonlaw.com), and (b) the Office of the United States Trustee, Office of the United States Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Room 534, Attn: Mark Bruh, Esq. (Mark.Bruh@usdoj.gov), **so as to be received no later than 5:00 p.m. (EST) on October 13, 2025 (the "Objection Deadline")**.

1

      **PLEASE TAKE FURTHER NOTICE** that reply papers, if any, must be filed within seven (7) days after the Objection Deadline. After all papers are filed, the Bankruptcy Court will determine whether to schedule a hearing or decide the Motion on the papers. Parties will be advised of hearing dates if matters are scheduled for hearing.

Dated: Jericho, New York
      September 30, 2025               **RIMON P.C.**
                                          Proposed Counsel to Kenneth P. Silverman, Esq.,
                                          the Interim Chapter 7 Trustee

                                          *s/ Brian Powers*
                                          Brian Powers
                                          Partner
                                          100 Jericho Quadrangle, Suite 300
                                          Jericho, New York 11753
                                          (516) 479-6300

**RIMON P.C.**
Proposed Counsel for Kenneth P. Silverman, Esq.
 Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Brian Powers
Courtney M. Roman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

NEUEHOUSE INC.,
fdba CULTUREWORKS INC.
fdba FOTOGRAFISKA NEUEHOUSE INC., *et al.*,

                    Debtors.
-----------------------------------------------------------------x

Chapter 7
Case No. 25-11937 (MG)
(Jointly Administered)

## TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 365(A), AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES

Kenneth P. Silverman, Esq., the interim chapter 7 trustee (the "Trustee") of NeueHouse Inc., fdba Cultureworks Inc., fdba Fotografiska Neuehouse Inc., *et al.* (the "Debtors"), respectfully submits this motion (the "Motion"), seeking the entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 365(a) of Title 11 of the United Sates Code (the "Bankruptcy Code"), and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Trustee to reject certain unexpired leases listed on **Schedule 1** hereto (collectively, the "Leases"),[1] as of September 30, 2025, and in support thereof respectfully represents as follows

---

[1] Nothing herein shall be construed as (i) an admission of liability of the Debtors' estate under any Leases or a waiver of any rights, claims or defenses the Debtors' estates may have in connection with the Leases, all of which rights, claims, and defenses are expressly preserved. The Trustee reserves the right to seek to reject additional executory contracts or unexpired leases at a later date.

1

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are Section 365(a) of the Bankruptcy Code, and Bankruptcy Rule 6006.

## BACKGROUND

The Bankruptcy Case

5. On September 5, 2025 (the "Petition Date"), September 7, 2025, September 8, 2025, September 9, 2025, and September 10, 2025, each of the various Debtors each filed a voluntary petition for relief in accordance with chapter 7 of the Bankruptcy Code in this Court.

6. By Notices of Appointment dated between September 8, 2025, and September 10, 2025, Kenneth P. Silverman, Esq. was appointed the interim chapter 7 trustee of each of the Debtors' estates.

7. The initial section 341 First Meeting of Creditors is scheduled to be held on October 7, 2025.

8. By order dated September 15, 2025, the Court authorized the joint administration of the Debtors' cases (ECF Doc. No. 14) (the "Joint Administration Order").

The Leases

9. As indicated in the Debtors' Schedules, certain of the Debtors are parties to Leases for the real property located at (i) 63-69 Market Street, Venice, California and 73 Market Street Venice, California (together, the "VB Real Property"), (ii) 6121 West Sunset Boulevard, Los Angeles, California (the "LA Real Property"), and (iii) 373 Park Avenue South, New York, New

York (the "NYC Real Property" and collectively with the VB Real Property and the LA Real Property, the "Real Properties"). The Real Properties were each commercial space with both creative and office space.

10. The term of the leases on the VB Real Property are for nineteen years and two months, with an expiration date of December 31, 2038, and for twenty-one years, with a termination date of January 31, 2040.

11. The term of the lease on the LA Real Property is for fifteen years, with a termination date of June 30, 2029.

12. The term of the lease on the NYC Real Property is for ten years, with a termination date of April 30, 2031.

## RELIED REQUESTED

13. By this Motion, the Trustee seeks to reject the Leases, effective as of September 30, 2025, the date of the filing of this Motion. The Trustee, through his investigation into the Debtors' financial affairs, has determined that assignment of the Leases, after accounting for substantial arrears and the current market rates, would not provide any value to the Debtors' estates.

14. The rejection of the Leases is critical for the Trustee to effectively administer these bankruptcy estates during the pendency of these chapter 7 cases. Absent rejection, the Trustee, on behalf of the Debtors' estates, may be obligated to continue to perform the Debtors' obligations under the Leases despite there being no value in those leases for the Debtors' estates.

## BASIS FOR RELIEF REQUESTED

15. Section 365(a) of the Bankruptcy Code provides that "[a] trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

11 U.S.C. § 365(a). "The purpose behind allowing assumption or rejection of executory contracts is to permit the trustee…to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993) (internal quotations omitted). Rejection of an executory contract or unexpired lease constitutes a breach effective "immediately before the date of the filing of the petition." 11 U.S.C. 365(g); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 545 (1984). "In the event of rejection, the non-debtor party is generally relegated to pursuing an unsecured prepetition claim against the estate." *In re Penn Traffic Co.*, 524 F.3d at 378.

16.     Courts routinely approve motions to reject executory contracts or unexpired leases where, in the sound exercise of the trustee's business judgment, rejection will benefit the debtor's estate. *See In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012); *In re G Survivor Corp.*, 171 B.R. 755, 758 (Bankr. S.D.N.Y. 1994), *aff'd sub nom. John Forsyth Co. v. G Licensing, Ltd.*, 187 B.R. 111 (S.D.N.Y. 1995) ("In deciding a motion to…reject an executory contract, the bankruptcy court places itself in the position of the trustee or debtor-in-possession and determines whether…rejection of the contract is a reasonable business decision."). "Generally, absent a showing of bad faith, or an abuse of business discretion, the [trustee's] business judgment will not be altered." *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994); *see also In re The Great Atl. & Pac. Tea Co., Inc.*, 544 B.R. 43, 48–49 (Bankr. S.D.N.Y. 2016) ("[T]he Court may largely defer to the debtor's view that rejection or assumption will benefit the estate."); *In re MF Glob. Holdings Ltd.*, 466 B.R. at 242 ("Courts generally will not second-guess a debtor's business judgment concerning whether the…rejection of an executory contract…would benefit the debtor's estate."); *Phar-Mor, Inc. v. Strouss Bldg. Assocs.*, 204 B.R. 948, 952 (N.D. Ohio 1997) ("Courts should generally defer to a debtor's decision whether to reject an executory contract.");

*NLRB v. Bildisco & Bildisco*, 465 U.S. at 545; In re *Klein Sleep Products, Inc.*, 78 F.3d 18, 25 (2d Cir. 1996); *In re Miges*, 602 F.2d 38, 42 (2d Cir. 1979); *In re Angelika Films 57th, Inc.*, 1997 WL 283412, *5 (Bankr. S.D.N.Y. 1997); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1989); *In re Lionel Corp.*, 29 B.R. 694, 696 (Bankr. S.D.N.Y. 1983).

17. The business judgment standard has been held satisfied upon a showing that "the contract will no longer be beneficial or necessary to the estates, that it has become burdensome to the estates, or that a prompt elimination of the attendant expenses will positively impact the Debtors' ability to improve their financial condition." *In re MF Glob. Holdings Ltd.*, 466 B.R. at 242.

18. Here, the Trustee's rejection of the Leases should be approved as within the sound business judgment of the Trustee. The Trustee has no intention of operating the Debtors' business at these locations, and the assignment of the Leases would not generate sufficient value to the Debtors' estate to justify the performance of the ongoing obligations under the Leases. As a result, the Trustee has no need for the continuation of the Leases, nor would such agreements preserve any going concern value or be necessary in the administration of the Debtors' estates.

19. Moreover, Bankruptcy Code § 365 does not restrict a bankruptcy court from applying rejection retroactively. See In re Jamesway Corp., 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejections"); see also In re CCI Wireless, LLC, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of the [leases] to apply retroactively."). Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of the equities favors such relief. *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028-

5

29 (1st Cir. 1995) (stating that "rejection under section 365 (a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *BP Energy Co. v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.)*, No. 03-6419, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude ... that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution").

20.  The balance of the equities favors the relief requested herein. The Trustee has decided to reject the Leases after thorough review, analyzing their costs and benefits, and determining that the Leases are not beneficial to the estates. Importantly, without a retroactive effective date of rejection, the Trustee would be forced to incur unnecessary costs and contractual obligations in connection with such Leases that provide no benefit to the Debtors' estates. Moreover, under Section 365(d)(3), the Trustee is required to timely perform lease obligations, but in these chapter 7 cases is unable to do so absent specific authority from this Court.

21.  No previous motion for the relief sought herein has been made to this or any other court.

## NOTICE

22.  The Trustee will provide notice of this Motion and the hearing thereon via email (if an e-mail address is known or via first-class mail (if no e-mail address is known) to: (a) the counterparties to the Leases and their counsel; (b) the Office of the United States Trustee; (c) the Debtors' twenty largest unsecured creditors; and (d) all parties requesting notice pursuant to Fed.

R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that such notice is adequate under the circumstances, and no other or further notice is required.

**WHEREFORE**, the Trustee respectfully requests that this Court enters an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the rejection of the Leases effective as of the date hereof and grant such other and further relief to the Trustee as the Court may deem just and proper.

Dated: Jericho, New York
September 30, 2025

        **RIMON P.C.**
        Proposed Counsel to Kenneth P. Silverman, Esq.,
        the Interim Chapter 7 Trustee

        *s/ Brian Powers*
        Brian Powers
        Partner
        100 Jericho Quadrangle, Suite 300
        Jericho, New York 11753
        (516) 479-6300

## SCHEDULE 1

| Debtor Name | Case No. | Address | Description | Contract Date |
|---|---|---|---|---|
| 63 Market Lessee LLC | 25-11940 | 63-69 Market Street, Venice, California 90291 | Lease of Venice Real Property | October 10, 2019 |
| 73 Market Lessee LLC | 25-11946 | 73 Market Street, Venice, California 90291 | Lease of Venice Real Property with 73 Market Street, LLC | February 1, 2019 |
| Neuehouse Hollywood LLC | 25-11948 | 6131 West Sunset Boulevard, Los Angeles, California 90028 | Lease for Los Angeles Real Property with KR Hollywood, LLC | June 30, 2014 |
| NeueHouse New York HQ LLC | 25-11942 | 373 Park Avenue South, New York, New York 10016 | Lease for Park Avenue New York Real Property with 373-381 PAS Associates, LLC | June 30, 2015 |