UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

NEUEHOUSE INC.,
fdba CULTUREWORKS INC.
fdba FOTOGRAFISKA NEUEHOUSE INC., *et al.*,

                           Debtors.
------------------------------------------------------------x

Chapter 7
Case No. 25-11937 (MG)
(Jointly Administered)

## DECLARATION OF KENNETH P. SILVERMAN, ESQ. IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 365(A), AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES

I, Kenneth P. Silverman, Esq., declare as follows:

1. I am the chapter 7 trustee (the "Trustee") of the jointly administered bankruptcy estates (the "Estate") of NeueHouse Inc., fdba Cultureworks Inc., fdba Fotografiska Neuehouse Inc., *et al.* (the "Debtors"), with offices located at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753. I am duly admitted to practice before this Court and the courts of the State of New York.

2. I submit this declaration (this "Declaration") in support of the application (the "Application")[1] seeking entry of an order, substantially in the form annexed to the Motion as Exhibit A (the "Proposed Order"), pursuant to section 365(a) of Title 11 of the United Sates Code (the "Bankruptcy Code"), and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the rejection of certain unexpired leases listed on **Schedule 1** thereto (collectively, the "Leases"), and granting such other and different relief as the Court deems just and proper.

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

1

3. I have reviewed the Motion and relevant documents thereto and certify that its contents are true and correct to the best of my knowledge, and those facts are incorporated herein by reference.

## BACKGROUND

The Bankruptcy Case

4. On September 5, 2025 (the "Petition Date"), September 7, 2025, September 8, 2025, September 9, 2025, and September 10, 2025, each of the various Debtors each filed a voluntary petition for relief in accordance with chapter 7 of the Bankruptcy Code in this Court.

5. By Notices of Appointment dated between September 8, 2025, and September 10, 2025, I was appointed the interim chapter 7 trustee of each of the Debtors' estates.

6. The initial section 341 First Meeting of Creditors is scheduled to be held on October 7, 2025.

7. By order dated September 15, 2025, the Court authorized the joint administration of the Debtors' cases (ECF Doc. No. 14) (the "Joint Administration Order").

The Leases

8. As indicated in the Debtors' Schedules, certain of the Debtors are parties to Leases for the real property located at (i) 63-69 Market Street, Venice, California and 73 Market Street Venice, California (together, the "VB Real Property"), (ii) 6121 West Sunset Boulevard, Los Angeles, California (the "LA Real Property"), and (iii) 373 Park Avenue South, New York, New York (the "NYC Real Property" and collectively with the VB Real Property and the LA Real Property, the "Real Properties"). The Real Properties were each commercial space with both creative and office space.

9. The term of the leases on the VB Real Property are for nineteen years and two months, with an expiration date of December 31, 2038, and for twenty-one years, with a termination date of January 31, 2040.

10. The term of the lease on the LA Real Property is for fifteen years, with a termination date of June 30, 2029.

11. The term of the lease on the NYC Real Property is for ten years, with a termination date of April 30, 2031.

**RELIEF REQUESTED**

12. Through my investigation into the Debtors' financial affairs, I determined that assignment of the Leases, after accounting for substantial arrears and the current market rates, would not provide any value to the Debtors' estates.

13. The rejection of the Leases is critical for me to effectively administer these bankruptcy estates during the pendency of these chapter 7 cases. Absent rejection, I, on behalf of the Debtors' estates, may be obligated to continue to perform the Debtors' obligations under the Leases despite there being no value in those leases for the Debtors' estates.

**BASIS FOR RELIEF REQUESTED**

14. I have no intention of operating the Debtors' business at these locations, and the assignment of the Leases would not generate sufficient value to the Debtors' estates to justify the performance of the ongoing obligations under the Leases. As a result, I have no need for the continuation of the Leases, nor would such agreements preserve any going concern value or be necessary in the administration of the Debtors' estates.

15. I have decided to reject the Leases after thorough review, analyzing their costs and benefits, and determining that the Leases are not beneficial to the estates. Importantly, without a

retroactive effective date of rejection, I would be forced to incur unnecessary costs and contractual obligations in connection with such Leases that provide no benefit to the Debtors' estates.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Jericho, New York on September 30, 2025.

*s/ Kenneth P. Silverman*
Kenneth P. Silverman, Esq.
