**RIMON P.C.**
Proposed Counsel to the Chapter 7 Trustee
Kenneth P. Silverman
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Brian Powers
Courtney M. Roman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

NEUEHOUSE INC.,                                          Chapter 7
fdba CULTUREWORKS INC.                                   Case No. 25-11937 (MG)
fdba FOTOGRAFISKA NEUEHOUSE INC., *et al.*,              (Jointly Administered)

                                            Debtors.
------------------------------------------------------------x

## NOTICE OF FILING OF CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE CONSULTING AGREEMENTS BETWEEN THE TRUSTEE AND KEROP MANAGEMENT CONSULTANTS, LLC AND ANDREW HERSCHKOWITZ, TO FACILIATE OPERATIONS AND THE SALE OF THE DEBTORS' ASSETS

**PLEASE TAKE NOTICE**, that on October 22, 2025, Kenneth P. Silverman, Esq., the interim chapter 7 trustee (the "Trustee") of NeueHouse Inc., fdba Cultureworks Inc., fdba Fotografiska Neuehouse Inc., *et al.* (the "Debtors"), filed the *Trustee's Motion for Entry of an Order Authorizing and Approving the Consulting Agreements between the Trustee and KEROP Management Consultants, LLC and Andrew Herschkowitz, to Facilitate Operations and the Sale of the Debtors' Assets* (ECF Doc. No. __) (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion shall be set forth in writing, filed with the Bankruptcy Court and served upon (a) Rimon P.C., 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Brian Powers, Esq. (brian.powers@rimonlaw.com), and (b) the Office of the United States Trustee, Office of the United States Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Room 534, Attn: Mark Bruh, Esq. (Mark.Bruh@usdoj.gov), **so as to be received no later than 5:00 p.m. (EST) on November 5, 2025 (the "Objection Deadline")**.

**PLEASE TAKE FURTHER NOTICE** that reply papers, if any, must be filed within seven (7) days after the Objection Deadline. After all papers are filed, the Bankruptcy Court will determine whether to schedule a hearing or decide the Motion on the papers. Parties will be advised of hearing dates if matters are scheduled for hearing.

Dated: Jericho, New York
       October 22, 2025

                      **RIMON P.C.**
                      Proposed Counsel to Kenneth P. Silverman, Esq.,
                      the Chapter 7 Trustee

                By:   *s/ Brian Powers*
                      Brian Powers
                      Partner
                      100 Jericho Quadrangle, Suite 300
                      Jericho, NY 11753
                      (516) 479-6300

**RIMON P.C.**
Attorneys for Kenneth P. Silverman, Esq.
  Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Brian Powers
Courtney M. Roman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

NEUEHOUSE INC.,
fdba CULTUREWORKS INC.
fdba FOTOGRAFISKA NEUEHOUSE INC., *et al.*,

Debtors.
-------------------------------------------------------------x

Chapter 7
Case No. 25-11937 (MG)
(Jointly Administered)

## CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE CONSULTING AGREEMENTS BETWEEN THE TRUSTEE AND KEROP MANAGEMENT CONSULTANTS, LLC AND ANDREW HERSCHKOWITZ, TO FACILIATE OPERATIONS AND THE SALE OF THE DEBTORS' ASSETS

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the jointly administered bankruptcy estate of NeueHouse Inc., fdba Cultureworks Inc., fdba Fotografiska Neuehouse Inc., *et al.* (the "Debtors"), respectfully submits this motion (this "Motion") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to sections 105(a), 363, and 721 of title 11, United States Code (the "Bankruptcy Code"), authorizing the Trustee to enter into consulting agreements (collectively, the "Agreements"), annexed hereto as **Exhibits B and C**, with Kerop Management Consultants, LLC[1] and Andrew Herschkowitz, respectively (together, the "Consultants" and each a "Consultant") to facilitate case management, administrative operations and the sale of the Debtors' assets, and granting such other and further

---
[1] Kerop Management Consultants, LLC is wholly owned by Kenneth Torosian, a former employee of the Debtors.

1

relief as this Court deems just and proper, and respectfully represents as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are Bankruptcy Code §§ 105(a), 363, and 721.

## Background

The Debtors' Business and Assets

1. Prior to the Petition Date, the Debtors operated a chain of members only clubs catering to those working in creative industries. The Debtors' spaces were used for various purposes, including weddings, conferences and corporate events, and were often licensed to creatives and/or artists as workshops and galleries. The Debtors' locations also have dedicated work spaces, studios for podcasts, and recording studios for use by its members.

2. Despite considerable membership and facilities in desirable locations, the Debtors failed to be profitable and fell considerably behind in rent at three of their four locations. Intermittently over the course of several years, including a process which was ongoing until just before their chapter 7 filings, the Debtors marketed their business for sale. As a result of those marketing efforts, the Debtors received considerable interest from third parties, including some of the largest operators of shared workspaces in the world.

3. Notwithstanding that substantial interest, and a deal appearing to have been close just prior to the Petition Date, the Debtors elected to forego the planned chapter 11 sale process. Instead, the Debtors abruptly terminated all of their employees, closed all of their locations, and began filing these chapter 7 cases two days later.

The Bankruptcy Case

4. On September 5, 2025 (the "Petition Date"), September 7, 2025, September 8, 2025, September 9, 2025, and September 10, 2025, each of the various Debtors each filed a voluntary petition for relief in accordance with chapter 7 of the Bankruptcy Code in this Court.

5. By Notices of Appointment dated between September 8, 2025, and September 10, 2025, Kenneth P. Silverman, Esq. was appointed the interim chapter 7 trustee of each of the Debtors' estates, and has since duly qualified.

6. By order dated September 15, 2025, the Court authorized the joint administration of the Debtors' cases (ECF Doc. No. 14) (the "Joint Administration Order").

7. By order dated September 26, 2025, the Court authorized the Trustee to (i) continue the operations of the Debtors' business (the "Business") on a limited basis through and including December 31, 2025 (the "Limited Basis"), and (ii) enter into a management agreement (the "Management Agreement") with CHG MSQ Manager, LLC ("CHG") to assist the Trustee in the operation and management of the Debtors' Madison Square location (ECF Doc. No. 21) (the "721 Order").

**RELIEF REQUESTED**

8. During the course of the Trustee's investigation into the Debtors' financial affairs, the Business, and the requirements of operating the Business pursuant to the 721 Order, it became clear that the Trustee would have considerable difficulty both accessing necessary information

3

from the Debtors' systems and ensuring that such information was in usable form. Accordingly, the Trustee requested the assistance of the Consultants, two former high-level employees of the Debtors, serving at the controller and chief personal officer, respectively, to assist him to ensure smooth operations and a seamless sale of the Business. Both of the Consultants have significant and unique knowledge, expertise, and familiarity with the operations of the Debtors' business and the systems utilized by the Debtors' prepetition.

9. Based on the foregoing, pursuant to Bankruptcy Code §§ 363 and 721 and in further aid of the 721 Order, the Trustee hereby seeks approval of the Agreements to permit him to pay the Consultants on an ongoing basis during the operations under the 721 Order.

10. In support of the Motion, the Trustee's declaration is annexed hereto as **Exhibit D** (the "Trustee Declaration"). As set forth in the Trustee Declaration, and without the Consultants' knowledge, expertise, and familiarity with the operations of the Debtors' businesses and assets, the Trustee would, at minimum, incur substantial, additional and unnecessary administrative expenses in the operations of the Business under the 721 Order, possibly jeopardize the value of the anticipated sale, and future administration of the estates. Accordingly, the Debtors' estates and their creditors are best served with the assistance of the Consultants guiding the Trustee as to the Debtors' operations.

11. The Agreements provide for a flat $400.00 per hour billing rate for each of the Consultants, with a maximum cap for the duration of each Agreement of $80,000.00. The Trustee proposes that he be authorized to make these payments on an ongoing basis upon the submission by the Consultants of appropriate time records to the Trustee and the Office of the United States Trustee. The Trustee submits that this structure ensures cost certainty for the estates while maximizing the Trustee's ability to operate and obtain the highest value for the Debtors' assets.

Moreover, as the Consultants have historically been salaried employees in their previous roles, the proposed structure of the Agreements ensures that they continue to be paid on a regular basis as they are accustomed.

12. For the reasons set forth herein, the Trustee respectfully submits that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest, and therefore should be granted.

13. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A,** granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: Jericho, New York
October 9, 2025

**RIMON P.C.**
Attorneys for Kenneth P. Silverman, Esq.,
Chapter 7 Trustee

*/s/ Brian Powers*
Brian Powers
Partner
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300