EXHIBIT B

## CONSULTING SERVICES AGREEMENT

This Consulting Services Agreement (the "Agreement") is made and entered into as of October 14, 2025 by and between Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the jointly administered bankruptcy estates of NeueHouse Inc., fdba Cultureworks Inc., fdba Fotografiska Neuehouse Inc., et al. (the "Debtors") and Kerop Management Consultants, LLC ("Consultant"). The Trustee and Consultant are individually referred to as a "Party" and collectively as the "Parties."

WHEREAS, Consultant's principal, Kenneth Torosian, is a former employee of the Debtors and has unique knowledge of the Debtors' operations; and

WHEREAS, by order dated September 26, 2025, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") authorized the Trustee to (i) continue the operations of the Debtors' business on a limited basis through and including December 31, 2025, and (ii) enter into a management agreement (the "Management Agreement") with CHG MSQ Manager, LLC ("CHG") to assist the Trustee in the operation and management of the Debtors' Madison Square location (ECF Doc. No. 21) (the "721 Order"); and

WHEREAS, the Trustee desires to engage Consultant's professional assistance, in accordance with the terms of this Agreement and any applicable orders of the Bankruptcy Court;

NOW THEREFORE, in consideration of the mutual covenants and agreements contained in this agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties intending to be legally bound, hereby make the following agreements:

1. <u>Scope of Agreement</u>. During the term of this Agreement, the Trustee may, subject to the terms and conditions of this Agreement and any applicable order of the Bankruptcy Court, acquire services from Consultant as agreed to by the Trustee and Consultant for the purposes of assisting with the operations of the Debtors' business under the 721 Order and consummating a sale of the Debtors' assets (the "Services"). In the event of a conflict between this Agreement and an order of the Bankruptcy Court, such order shall prevail.

2. <u>Performance of Services</u>. Consultant, by and through its sole member, Kenneth Torosian, agrees to perform the Services for the Trustee. Consultant shall devote reasonable efforts and attention to the performance of the Services for the Trustee. Consultant shall also be available to answer questions and to provide advice to Trustee upon reasonable request and notice from the Trustee. Notwithstanding the terms of this Agreement, Consultant shall have sole discretion and control of Consultant's services and the manner in which they are performed.

3. <u>Payment for Services</u>. The Trustee shall pay Consultant for the performance of the Services at the rate of $400 per hour. Notwithstanding the foregoing, Consultant's

Page 1 of 3

total compensation during the Term (defined below) shall be no more than $80,000.00. On or before the fifteenth (15th) day of each calendar month, Consultant shall provide the Trustee and the Office of the United States Trustee with an itemized invoice containing time records for the services performed by Consultant during the prior calendar month.

4. <u>Term and Termination</u>. The Term of this Agreement shall be effective as of September 8, 2025 (the "<u>Effective Date</u>") and shall continue for through and including December 31, 2025 (the "<u>Term</u>"). The Trustee may terminate the Agreement at any time upon one (1) days' written notice for Cause as defined herein. For purposes of this Agreement, "<u>Cause</u>" shall mean (a) any act of misappropriation, embezzlement, intentional fraud, dishonesty, or similar conduct involving; (b) the conviction or the plea of guilty or *nolo contendere* or the equivalent with respect to a felony; or (c) Consultant's commission of any illegal business practices in connection with the Trustee's administration of these bankruptcy estates. If the Trustee exercises his right to terminate the Agreement, any obligation he may otherwise have under this Agreement shall cease immediately, except that the Trustee shall be obligated to remit any unpaid fees to Consultant.

5. <u>Status of Consultant</u>. Consultant is an independent contractor. Neither Party shall represent itself to be the agent, employee, partner or joint venturer of the other Party and may not obligate the other Party or otherwise cause the other Party to be liable under any contract or otherwise. Each Party shall be solely responsible for payment of its taxes and payment of its employees and independent contractors, including payment of applicable social security, health or pension taxes required by applicable law.

6. <u>No Assignment</u>. Consultant may not subcontract any Services to another person or entity. Neither Party shall assign or transfer this Agreement without the prior written consent of the other Party, which consent shall be neither unreasonably denied nor delayed. Any prohibited assignment or transfer shall be null and void.

7. <u>Warranties</u>. Consultant represents and warrants that it will use its best efforts to perform the Services. NO OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION THE IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, ARE MADE BY CONSULTANT.

8. <u>General</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New York (excluding conflict of laws principles). The Parties expressly consent to the personal jurisdiction of the Bankruptcy Court for any dispute arising from or relating to this Agreement. This Agreement constitutes the complete and exclusive statement of the Agreement between the Parties concerning the subject matter of this Agreement. The Trustee and Consultant agree that this Agreement supersedes any prior agreements, proposals or communications, written or oral, regarding this subject matter. No representation or promise relating to and no amendment of this Agreement shall be binding unless made in writing and signed by duly authorized representatives of both Parties. All notices or requests, including communications and statements which are required or permitted under the terms of this Agreement, shall be in writing and shall be sent

by electronic mail, certified or registered mail or through the use of a recognized commercial overnight courier. Notices shall be sent to the Parties at the last known address of the Party unless that Party notifies the other Party of a change of address in writing. Each provision of this Agreement is severable from the entire Agreement, and in the event that any provision is declared invalid or unenforceable, that provision shall be amended if possible to be enforceable, but in any event, the remaining provisions hereof shall remain in effect. No waiver by either Party of any default shall operate as a waiver of any other default or of a similar default on a future occasion. No waiver of any term or condition shall be effective unless in writing and signed by the Party against whom enforcement of the waiver is sought. Neither Party shall be responsible for any failure to perform any obligation hereunder (except a failure to pay) due to causes beyond its reasonable control. Neither Party shall be held responsible for any reasonable delay or failure in performance hereunder caused by fires, strikes, embargoes, acts of nature, or other causes beyond their reasonable control.

9. <u>Counterparts</u>. This Agreement may be executed in counterparts – including electronically – each of which shall be deemed an original, but both of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have caused their authorized representatives to execute this Agreement as of the Effective Date above.

**CONSULTANT**

By: *s/ Kenneth Torosian*
Name: Kenneth Torosian

**TRUSTEE**

By: *s/ Kenneth P. Silverman*
Name: Kenneth P. Silverman, Esq., as chapter 7 trustee