**EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

NEUEHOUSE INC.,
fdba CULTUREWORKS INC.
fdba FOTOGRAFISKA NEUEHOUSE INC., *et al.*,

Debtors.
-----------------------------------------------------------x

Chapter 7
Case No. 25-11937 (MG)
(Jointly Administered)

### DECLARATION OF KENNETH P. SILVERMAN, ESQ. IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE CONSULTING AGREEMENTS BETWEEN THE TRUSTEE AND KEROP MANAGEMENT CONSULTANTS, LLC AND ANDREW HERSCHKOWITZ, TO FACILITATE OPERATIONS AND THE SALE OF THE DEBTORS' ASSETS

I, Kenneth P. Silverman, Esq., declare as follows:

1. I am the chapter 7 trustee (the "Trustee") of the jointly administered bankruptcy estates (the "Estate") of NeueHouse Inc., fdba Cultureworks Inc., fdba Fotografiska Neuehouse Inc., *et al.* (the "Debtors"), with offices located at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753. I am duly admitted to practice before this Court and the courts of the State of New York.

2. I submit this declaration (this "Declaration") in support of the motion (the "Motion") to pursuant to sections 105(a), 363, and 721 of title 11, United States Code (the "Bankruptcy Code"), authorizing the Trustee to enter into consulting agreements (collectively, the "Agreements"), annexed to the Motion as **Exhibits B and C**, with Kerop Management Consultants, LLC[1] and Andrew Herschkowitz, respectively (together, the "Consultants" and each a "Consultant") to facilitate case management, administrative operations and the sale of the Debtors' assets, and granting such other and further relief as this Court deems just and proper

---

[1] Kerop Management Consultants, LLC is wholly owned by Kenneth Torosian, a former employee of the Debtors.

1

3. I have reviewed the Motion and relevant documents thereto and certify that its contents are true and correct to the best of my knowledge, and those facts are incorporated herein by reference.

## Background

### The Debtors' Business and Assets

4. Prior to the Petition Date, the Debtors operated a chain of members only clubs catering to those working in creative industries. The Debtors' spaces were used for various purposes, including weddings, conferences and corporate events, and were often licensed to creatives and/or artists as workshops and galleries. The Debtors' locations also have dedicated work spaces, studios for podcasts, and recording studios for use by its members.

5. Despite considerable membership and facilities in desirable locations, the Debtors failed to be profitable and fell considerably behind in rent at three of their four locations. Intermittently over the course of several years, including a process which was ongoing until just before their chapter 7 filings, the Debtors marketed their business for sale. As a result of those marketing efforts, the Debtors received considerable interest from third parties, including some of the largest operators of shared workspaces in the world.

6. Notwithstanding that substantial interest, and a deal appearing to have been close just prior to the Petition Date, the Debtors elected to forego the planned chapter 11 sale process. Instead, the Debtors abruptly terminated all of their employees, closed all of their locations, and began filing these chapter 7 cases two days later.

### The Bankruptcy Case

7. On September 5, 2025 (the "Petition Date"), September 7, 2025, September 8, 2025, September 9, 2025, and September 10, 2025, each of the various Debtors each filed a voluntary petition for relief in accordance with chapter 7 of the Bankruptcy Code in this Court.

8. By Notices of Appointment dated between September 8, 2025, and September 10, 2025, I was appointed the interim chapter 7 trustee of each of the Debtors' estates, and have since been duly qualified.

9. By order dated September 15, 2025, the Court authorized the joint administration of the Debtors' cases (ECF Doc. No. 14) (the "Joint Administration Order").

10. By order dated September 26, 2025, the Court authorized the Trustee to (i) continue the operations of the Debtors' business (the "Business") on a limited basis through and including December 31, 2025 (the "Limited Basis"), and (ii) enter into a management agreement (the "Management Agreement") with CHG MSQ Manager, LLC ("CHG") to assist the Trustee in the operation and management of the Debtors' Madison Square location (ECF Doc. No. 21) (the "721 Order").

## RELIEF REQUESTED

11. During the course of the Trustee's investigation into the Debtors' financial affairs, the Business, and the requirements of operating the Business pursuant to the 721 Order, it became clear that the Trustee would have considerable difficulty both accessing necessary information from the Debtors' systems and ensuring that such information was in usable form. Accordingly, the Trustee requested the assistance of the Consultants, two former high-level employees of the Debtors, serving at the controller and chief personal officer, respectively, to assist him to ensure smooth operations and a seamless sale of the Business. Both of the Consultants have significant

and unique knowledge, expertise, and familiarity with the operations of the Debtors' business and the systems utilized by the Debtors' prepetition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Jericho, New York on October 9, 2025.

_s/ Kenneth P. Silverman_
Kenneth P. Silverman, Esq.
