UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

NEUEHOUSE INC.,                                    Chapter 7
fdba CULTUREWORKS INC.                             Case No. 25-11937 (MG)
fdba FOTOGRAFISKA NEUEHOUSE INC., *et al.,*        (Jointly Administered)

                                Debtors.
-----------------------------------------------------------------x

## TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT OF RIMON P.C. AS ATTORNEYS FOR THE TRUSTEE

By this application (the "Application"), Kenneth P. Silverman, Esq., the interim chapter 7 trustee (the "Trustee") of the jointly administered bankruptcy estates of NeueHouse Inc., fdba Cultureworks Inc., fdba Fotografiska Neuehouse Inc., *et al.* (the "Debtors"),[1] seeks the entry of an order substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), pursuant to §§ 327, 328 and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Trustee to retain Rimon as his counsel effective as of September 8, 2025, and in support thereof, respectfully sets forth as follows:

### BACKGROUND

1.      Prior to the Petition Date, the Debtors operated a chain of members (collectively, the "Members") only clubs catering to those working in creative industries. Upon information and belief, as of the Filing Date, the Debtors had approximately 3,000 Members, each permitted to use

---

[1] The Debtors in these jointly administered cases are: (i) 63 Market Lessee LLC, Case No. 25-11940; (ii) Bradbury Lessee LLC, Case No. 25-11941; (iii) Neuehouse New York HQ LLC, Case No. 25-11942; (iv) Neuehouse Optimization Inc., Case No. 25-11943; (v) NH F&B Inc., Case No. 25-11944; (vi) 73 Market Lessee LLC, Case No. 25-11946; (vii) Neuehouse Management, LLC, Case No. 25-11947; (viii) Neuehouse Hollywood LLC, Case No. 25-11948; (ix) NH Holdings Trust, Case No. 25-11953; (x) Neuehouse Madison Square LLC, Case No. 25-11970.

the leased spaces as workshops, studios, and galleries. The Debtors also used their leased spaces for various purposes, including weddings, screenings, conferences, and corporate events.

2. On September 5, 2025 (the "Petition Date"), September 7, 2025, September 8, 2025, September 9, 2025 and September 10, 2025, each of the various Debtors each filed a voluntary petition for relief in accordance with chapter 7 of the Bankruptcy Code in this Court.

3. By Notices of Appointment dated between September 8, 2025, and September 10, 2025, Kenneth P. Silverman, Esq. was appointed the interim chapter 7 trustee of each of the Debtors' estates.

4. The initial section 341 First Meeting of Creditors is scheduled to be held on October 7, 2025.

5. By order dated September 15, 2025, the Court authorized the joint administration of the Debtors' cases (ECF Doc. No. 14) (the "Joint Administration Order").

6. By order dated September 26, 2025 (the "721 Order"), the Court authorized the Trustee to operate the Debtors' business on a limited basis with the assistance of a management company.

## JURISDICTION AND VENUE

7. The Bankruptcy Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein are §§ 327, 328 and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## RELIEF REQUESTED

8. By this Application, the Trustee seeks to retain and employ Rimon as his attorneys to advise and represent the Trustee in the administration of these bankrupty estates.

9. The Trustee has determined that he requires the assistance of Rimon to assist in, among other things: (i) the Trustee's investigation of the Debtors' books and records and related financial affairs; (ii) the operation of the Debtors' businesses pursuant to the 721 Order and related filings in this case; (iii) the marketing and sale of the Debtors' assets; (iv) the pursuit and recovery of any assets of the Debtors' estates and/or causes of action on behalf of the Debtors' estates; and (v) the orderly administration of these estates, including but not limited to, the preparation of the necessary motions, applications, orders, and other legal documents that may be required under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure in furtherance of the Trustee's appointment and administration of the Estates (collectively, the "Services").

10. Accordingly, the Trustee requests that Rimon be employed as his attorneys effective as of September 8, 2025, the day on which Rimon began rendering the Services to the Trustee. The Trustee believes that Rimon is well qualified to act as his attorneys and to represent him as the Trustee in these cases.

11. In addition to the Services, Rimon may render other professional services and perform all other legal services for the Trustee, which may be necessary in connection with the Trustee's administration of the Debtors' estates, including but not limited to, the Trustee's attempts to recover and liquidate the assets of this estate.

12. To the best of the Trustee's knowledge, Rimon has no connection with the Debtors' creditors or any other party in interest or their respective attorneys, except as set forth in the attached declaration of Brian Powers, Esq. (the "Declaration"). Additionally, Rimon represents no interest adverse to the Debtors or these estates, or any other interested person in the matters

with respect to which Rimon is being employed by the Trustee, except as set forth in the Declaration.

13. Furthermore, Rimon is a "disinterested person" as that term is defined in §101(14) of the Code and that the firm:

(a) is not a creditor, equity security holder, or insider;

(b) is not and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c) does not have an interest materially adverse to the interest of this estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

10. Based on the foregoing, the Trustee submits that the retention of Rimon, as of September 8, 2025, is not only necessary but also in the best interest of this Estate.

11. No prior application for relief sought herein has been previously made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests the entry of the annexed order authorizing the retention of Rimon P.C., and that the Court grant such other and further relief as may be deemed just and proper.

Dated: Jericho, New York
October 2, 2025

*s/ Kenneth P. Silverman*
Kenneth P. Silverman, Esq.