**RIMON P.C.**
Attorneys for Kenneth P. Silverman, Esq.
  Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Brian Powers
Courtney M. Roman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

NEUEHOUSE INC.,
fdba CULTUREWORKS INC.
fdba FOTOGRAFISKA NEUEHOUSE INC., *et al.,*

                              Debtors.
----------------------------------------------------------------x

Chapter 7
Case No. 25-11937 (MG)
(Jointly Administered)

### CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER DIRECTING EXAMINATION OF AND THE PRODUCTION OF DOCUMENTS BY FIRST CORPORATE SOLUTIONS PURSUANT TO RULES 2004 AND 9016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULE 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Kenneth P. Silverman, solely in his capacity as the chapter 7 trustee (the "Trustee") of the jointly administered bankruptcy estate (the "Estate") of NeueHouse Inc., fdba Cultureworks Inc., fdba Fotografiska Neuehouse Inc., *et al.* (the "Debtors"), hereby moves this Court (the "Motion") for entry of an order substantially in the form the order attached as **Exhibit A** (the "Proposed Order"), pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the issuance and service of subpoenas *duces tecum* and/or subpoenas *ad testificandum,* for the production of documents from, and/or examination of First Corporate Solutions ("FCS") set forth on **Exhibit B** (the "Documents" and "Witnesses"), as more fully described below. In support of this Motion, the Trustee respectfully represents as follows:

1

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory bases for the relief sought by the Motion are §105 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2004 and 9016.

**BACKGROUND**

The Bankruptcy Case

4. On September 5, 2025, September 7, 2025, September 8, 2025, September 9, 2025, and September 10, 2025, respectively, each of the Debtors each filed a voluntary petition for relief in accordance with chapter 7 of the Bankruptcy Code in this Court.

5. By Notices of Appointment dated between September 8, 2025, and September 10, 2025, Kenneth P. Silverman, Esq. was appointed the interim chapter 7 trustee of each of the Debtors' estates, has since duly qualified, and is the permanent trustee.

6. By order dated September 15, 2025 (ECF Doc. No. 14), the Court authorized the joint administration of the Debtors' cases.

7. On November 4, 2025, the initial section 341 First Meeting of Creditors was held and the Trustee duly qualified and has become the permanent Trustee.

Management Agreement

8. By order dated September 26, 2025 (ECF Doc. No. 21) (the "721 Order"), the Court authorized the Trustee to (i) continue the operations of the Debtors' business on a limited basis through and including December 31, 2025, and (ii) enter into a management agreement with CHG

MSQ Manager, LLC ("CHG") to assist the Trustee in the operation and management of the Debtors' main New York location (the "New York Location").

9. Since the entry of the 721 Order, CHG has restarted the Debtors' operations at the New York Location and has worked closely with the Trustee and his professionals to ensure the smoothest possible transition for members under the circumstances.

The Sale

10. On October 30, 2025, the Trustee executed an asset purchase agreement (the "APA") to sell substantially all of the assets of NeueHouse, Inc., fdba Cultureworks Inc., fdba Fotografiska Neuehouse Inc., Neuehouse Madison Square LLC and NH F & B Inc. to CHG NeueHouse LLC and 110 E 25th Street Location, LLC ("Buyers"). The Trustee expects that a motion to approve the APA and the sale to the Buyers will be filed shortly.

The UCC Financing Statements

11. On June 10, 2025, FCS filed UCC 1 financing statements (the "Financing Statements") with the Delaware Department of State alleging security interests in the personal property of NeueHouse Inc., Bradbury Lessee LLC, 73 Market Lessee LLC, NeueHouse Management LLC, NeueHouse Hollywood LLC (the "UCC Debtors"). The Financing Statements are attached to this Motion as **Exhibit C**.

12. Other than the limited descriptions on the Financing Statements of the purportedly collateralized property, the Financing Statements provide no information regarding the alleged security interest or the identity of the purported secured party (the "Purported Secured Party").

13. In furtherance of his investigation of the Debtors' financial affairs, and especially in light of the forthcoming motion to approve the sale of one of the UCC Debtors' assets, the

Trustee reached out to FCS to obtain additional information. In response, FCS stated asserted that it was solely required to provide such information to the Debtors themselves.

14. In order to continue his due diligence, the Trustee requires additional documents concerning the validity of the Security Interests, but not limited to the following categories of Documents:

(i) all correspondence between (a) FCS and (b) the Purported Secured Party and any of their affiliates, representatives, employees, officers, directors, agents, or independent contractors concerning or relating to the alleged Security Interests;

(ii) all correspondence between (a) FCS and (b) the UCC Debtors and any of their affiliates, representatives, employees, officers, directors, agents, or independent contractors concerning or relating to the alleged Security Interests; and

(iii) all documents prepared in connection with the Financing Statements, including but not limited to any formal contracts or agreements which refer to the Security Interest, any debt to the Purported Secured Party owed by the UCC Debtors, or the UCC Debtors' personal property.

13. The Trustee may also seek testimony from Witnesses regarding the Documents and information they have with respect to the Financing Statements and alleged Security Interests.

14. In the event that the Trustee cannot obtain the complete voluntary cooperation of the Witnesses or obtain the Documents, the Trustee must have the ability to continue his investigation by issuing subpoenas to depose the Witnesses and to obtain the Documents relevant to their testimony. In each case, if the Trustee issues a subpoena, the Witness will retain the right to move to quash the subpoena on any appropriate grounds.

**RELIEF REQUESTED**

15. By this Application, the Trustee seeks entry of an order that authorizes him to issue subpoenas to compel the Witnesses to produce Documents and other information and to attend one or more examinations before the Trustee and/or his counsel. The Trustee submits that such relief is warranted as described below.

16. Bankruptcy Rule 2004(a) provides that "on motion of any party in interest, the court may order the examination of any entity." Bankruptcy Rule 2004(b) permits the Trustee to conduct an inquiry ranging broadly over any "acts, conduct, or property [of the debtor] or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . .." Bankruptcy Rule 2004(b). *See*, *e.g.*, *In re Dieffenbacher*, 556 B.R. 79, 83 (Bankr. E.D.N.Y. 2016) ("The purpose of such a broad discovery tool is to assist the Trustee in revealing the nature and extent of the estate; ascertaining assets; and discovering whether any wrongdoing has occurred.") (quoting *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005)); In *re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (scope of a Bankruptcy Rule 2004 examination is "broad and unfettered"); *In re Mavashev*, 559 B.R. 332, 336 (Bankr. E.D.N.Y. 2016) ("Rule 2004 discovery is broader than discovery under [the Federal Rules], and has fewer procedural safeguards. It can be legitimately compared to a fishing expedition.") (quoting *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991)).

17. Bankruptcy Rule 2004(c) provides that the "attendance of an individual for examination and the production of documents or electronically stored information . . . may be compelled in the manner provided in Rule 9016 for the attendance of a witness at a hearing or trial."

18. Accordingly, Bankruptcy Rule 2004 empowers the Court to compel the production of documents and the attendance of an entity for examination. The Trustee's proposed request for Documents and examination of Witnesses falls within the scope of Bankruptcy Rule 2004.

19. Bankruptcy Rule 2004 examinations of the Witnesses sought by this Motion are necessary for the Trustee to fulfill his fiduciary duties under the Bankruptcy Code.

20. The Trustee, therefore, respectfully requests that the Court grant the Trustee the authority to issue and serve a subpoenas *ad testificandum* and/or subpoenas *duces tecum* under Bankruptcy Rules 2004 and 9016 in order to compel production of Documents and attendance at the requested examination of the Witnesses. The Trustee notes that the Witness will retain the right to move to quash any subpoena to such Witness on any appropriate grounds.

## PROPOSED GENERAL PROCEDURES

22. The Trustee proposes that, unless otherwise agreed with any Witnesses, the production of documents or electronic files be made at either (i) the offices of Trustee's counsel, Rimôn PC, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753; or (ii) through an electronic means as may be agreed upon by the parties. The Trustee proposes to serve any subpoenas *duces tecum* at least fourteen (14) days prior to the due date for the production or inspection of any documents or electronic files. To the extent the Trustee requires a deposition of any of the Witnesses, unless otherwise agreed with any Witnesses, where the deposition is within the geographic limits of a subpoena issued by the Court, the deposition will be at the offices of Trustee's counsel, Rimôn, PC, 100 Jericho Quadrangle, Suite 300 Jericho, New York 11753, or by remote video conferencing on not less than fifteen (15) days' notice. When not within those geographic limits, the deposition will be at a location which complies with Civil Rule 45 on the geographic limits of a subpoena or by remote video conferencing. The Trustee shall retain the

exclusive right to determine whether an examination is taken in person or via remote video conferencing.

## **NO PRIOR REQUEST**

23. No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form annexed hereto as **Exhibit A**: (i) authorizing the issuance and service of subpoenas *duces tecum* to compel the production of the Documents from the Witnesses; (ii) authorizing the issuance and service of subpoenas *ad testificandum* for the examination of the Witnesses; (iii) where determined by the Trustee, permitting the Trustee to take the deposition by remote electronic means; and (iv) granting such other relief as is just and proper under the circumstances.

Dated: Jericho, New York
      November 13, 2025

    **RIMÔN, P.C.**
    Attorneys for Kenneth P. Silverman, Chapter 7
    Trustee of the Estate of NeueHouse Inc. *et al.*

    By: */s/ Brian Powers*
       Brian Powers
       Partner
       100 Jericho Quadrangle, Suite 300
       Jericho, New York 11753
       (516) 479-6300
       Brian.Powers@RimonLaw.com