| | |
|---|---|
| In re: | Chapter 7 |
| NEUEHOUSE INC., <br> fdba CULTUREWORKS INC. <br> fdba FOTOGRAFISKA NEUEHOUSE INC., *et al.*, | Case Number: 25-11937 (MG) <br><br> (Jointly Administered) |
| Debtors. | |

# STIPULATION AND ORDER REGARDING MODIFICATION OF THE AUTOMATIC STAY WITH RESPECT TO PERSONAL PROPERTY REMAINING AT VENICE PREMISES FOLLOWING LEASE REJECTION AND RELATED RELIEF

This stipulation and order (the "Stipulation and Order") is entered into by and among the following parties: (1) Kenneth P. Silverman, solely in his capacity as the chapter 7 trustee (the "Trustee") of the estates of the Debtors,[1] (2) Five Oceans Capital SO2 LLC (the "63 Landlord"), and (3) 73 Market Street LLC (the "73 Landlord," and together, with the 63 Landlord, the "Landlords"). The Trustee and Landlords are hereinafter referred to herein collectively as the "Parties."

---

[1] The "Debtors" collectively refer to the debtors NeueHouse Inc. (Case No. 25-11937-mg), 63 Market Lessee LLC (Case No. 25-11940-mg), Bradbury Lessee LLC (Case No. 25-11941-mg), Neuehouse New York HQ LLC (Case No. 25-11942-mg), Neuehouse Optimization Inc. (Case No. 25-11943-mg), NH F&B Inc. (Case No. 25-11944-mg), 73 Market Lessee LLC (Case No. 25-11946-mg), Neuehouse Management, LLC (Case No. 25-11947-mg), Neuehouse Hollywood LLC (Case No. 25-11948-mg), NH Holdings Trust (Case No. 25-11953-mg), and Neuehouse Madison Square LLC (Case No. 25-11970-mg). The Debtors' bankruptcy cases are collectively referred to herein as the "Bankruptcy Cases."

**WHEREAS**, on September 7, 2025, the debtor 63 Market Lessee LLC (the "63 Debtor") filed a voluntary petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code" or "Code"), commencing the chapter 7 case captioned as *In re 63 Market Lessee LLC* and bearing Case No. 25-11940-mg (the "63 Bankruptcy Case") pending before this Court.

**WHEREAS**, on September 8, 2025, the debtor 73 Market Lessee LLC (the "73 Debtor") filed a voluntary petition under chapter 7 of the Bankruptcy Code, commencing the chapter 7 case captioned as *In re 73 Market Lessee LLC* and bearing Case No. 25-11946-mg (the "73 Bankruptcy Case") pending before this Court.

**WHEREAS**, the Trustee has been appointed as the chapter 7 trustee of the bankruptcy estates of the Debtors, including the estates of the 63 Debtor and 73 Debtor (together, the "63/73 Debtors").

**WHEREAS**, on September 15, 2025, the Court ordered the Bankruptcy Cases, including the 63 Bankruptcy Case and 73 Bankruptcy Case, to be jointly administered, with the chapter 7 case captioned as *In re NeueHouse Inc.* and bearing Case No. 25-11937-mg designated as the lead case.

**WHEREAS**, the 63 Landlord, as landlord, and the 63 Debtor, as tenant, were parties to that certain *Standard Industrial/Commercial Single-Tenant Lease* dated October 10, 2019 (as amended, modified, or supplemented, the "63 Lease"), with respect to the office premises located at and commonly known as 63–69 Market Street, Venice, California 90291 (the "63 Premises").

**WHEREAS**, the 73 Landlord, as landlord, and the 73 Debtor, as tenant, were parties to that certain *Standard Industrial/Commercial Single-Tenant Lease* dated February 1, 2019 (as amended, modified, or supplemented, the "73 Lease"), with respect to the office premises located at and commonly known as 73 Market Street, Venice, California 90291 (the "73 Premises").

**WHEREAS**, due to the 63 Debtor's failure to pay rent under the 63 Lease, on March 17, 2025, the 63 Landlord served a three-day notice to pay rent or quit on the 63 Debtor. The 63 Debtor did not pay the outstanding rent due and did not quit and surrender possession of the 63 Premises by the expiration of the three-day notice period, resulting in the termination of the 63 Lease and the 63 Debtor becoming a holdover tenant of the 63 Premises.

**WHEREAS**, on March 24, 2025, the 63 Landlord filed an unlawful detainer complaint against the 63 Debtor in the Superior Court of California for the County of Los Angeles (the "Superior Court"), commencing the action styled as *Five Oceans Capital SO2 LLC v. 63 Market Lessee, LLC, et al.* (Case No. 25SMCV01483). The 63 Landlord subsequently moved for summary judgment to, among other things, obtain possession of the 63 Premises, but the 63 Debtor filed its voluntary chapter 7 petition before the 63 Landlord's motion could be heard.

**WHEREAS**, due to the 73 Debtor's failure to pay rent under the 73 Lease, on March 18, 2025, the 73 Landlord served a three-day notice to pay rent or quit on the 73 Debtor. The 73 Debtor did not pay the outstanding rent due and did not quit and surrender possession of the 73 Premises by the expiration of the three-day notice period, resulting in the termination of the 73 Lease and the 73 Debtor becoming a holdover tenant of the 73 Premises.

**WHEREAS**, on March 25, 2025, the 73 Landlord filed an unlawful detainer complaint against the 73 Debtor in the Superior Court, commencing the action styled as *73 Market Street, LLC v. 73 Market Lessee LLC, et al.* (Case No. 25SMCV01510). The 73 Landlord subsequently moved for summary judgment to, among other things, obtain possession of the 73 Premises, and on September 2, 2025, the Superior Court entered a minute order granting the 73 Landlord's motion. However, the 73 Debtor filed its voluntary chapter 7 petition before the 73 Landlord could seek the issuance of a writ of possession.

**WHEREAS**, the 63 Premises and 73 Premises (together, the "Premises") consist of two adjoining buildings, and the 63/73 Debtors had, after removing a wall that separated the 63 Premises from the 73 Premises, jointly used the Premises to operate their or their affiliates' "coworking space" business operations.

**WHEREAS**, following his appointment as the chapter 7 trustee, the Trustee effectively took possession of the Premises on behalf of the Debtors' bankruptcy estates.

**WHEREAS**, on September 30, 2025, the Trustee filed the *Trustee's Motion for Entry of an Order Pursuant to 11 U.S.C. § 365(a), Authorizing the Rejection of Certain Unexpired Leases* (the "Rejection Motion"), ECF No. 20, under which the Trustee sought the authority to reject certain leases, including the 63 Lease relating to the 63 Premises and 73 Lease relating to the 73 Premises (together, the "Leases"), with rejection requested to be effective as of September 30, 2025 (the "Rejection Date"). The Trustee subsequently relinquished the Debtors' bankruptcy estates' interests in the Premises and returned possession of the Premises to the Landlords.

**WHEREAS**, on October 16, 2025, the Court entered the order approving the Rejection Motion (the "Rejection Order"), ECF No. 31. The Rejection Order provided that the leases subject to the Rejection Motion, including the Leases, were deemed rejected effective as of the Rejection Date.

**WHEREAS**, as of the Rejection Date, a significant quantity of furniture, fixtures, equipment, and other personal property (collectively, the "FF&E") remained in the Premises, the majority of which constitutes property of the 63/73 Debtors' bankruptcy estates.

**WHEREAS**, on October 17, 2025, the Trustee filed his *Notice of Proposed Abandonment* (the "Abandonment Notice"), ECF No. 32, seeking, among other things, the abandonment of "all of the Trustee's and the Debtors' estate's right, title and interest, if any, to" the FF&E located at

the Premises based on the Trustee's conclusion "that the retention of the Personal Property [at the Premises] is burdensome and of inconsequential value to the Debtors' estates."

**WHEREAS**, accordingly, given the Trustee's conclusions regarding the lack of value in the FF&E, the Parties enter into this Stipulation and Order to effectuate that disposition of the FF&E and seek relief related thereto.

**NOW**, therefore, it is hereby stipulated, agreed, and ordered that:

1. The recitals set forth above are incorporated by reference as if set forth at length herein. The Parties agree that each of the recitals are true and correct.

2. The automatic stay imposed by Section 362(a) of the Bankruptcy Code is modified to the extent necessary to permit the Landlords to utilize procedures under applicable state law with respect to the disposition of abandoned personal property, including California Civil Code section 1993.01, et seq. ("California Abandoned Property Law"), as to any FF&E.

3. The rights of any non-Debtor third parties claiming or asserting an interest in any of the FF&E shall be governed by California Abandoned Property Law and the procedures thereunder.

4. Notwithstanding Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Stipulation and Order are immediately effective and enforceable upon its entry.

5. Nothing in this Stipulation and Order shall modify, prejudice, or impair the relief sought by the Trustee's Abandonment Notice.

6. Any administrative expense claims and unsecured claims that the Landlords might assert against the Debtors and their bankruptcy estates, including, without limitation, any claims arising from the Leases or the rejection thereof, along with any objections of the Trustee thereto,

are expressly reserved. Notwithstanding any requirement to file a request for payment of an administrative expense claim under Section 503 of the Bankruptcy Code or any other similar rule, the Landlords shall be entitled to assert any administrative expense claims they may have by including such claims, if any, as part of the proofs of claim filed by the Landlords in the applicable Bankruptcy Case, and the assertion of such administrative expense claim in such proof of claim shall be deemed to constitute a timely filed request for payment of a Landlord's administrative expense claim in accordance with Section 503 of the Bankruptcy Code.

7. The Court retains jurisdiction to resolve any and all disputes relating to this Stipulation and Order.

Dated: November 7, 2025

By: /s/ Robert L. LeHane
**KELLEY DRYE & WARREN LLP**
Robert L. LeHane
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
Email: rlehane@kelleydrye.com

*Counsel for Five Oceans Capital SO2 LLC and 73 Market Street LLC*

By: /s/ Ronald J. Friedman
**RIMÔN PC**
Ronald J. Friedman
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: (516) 479-6303
Facsimile: (516) 479-6301
Email: ronald.friedman@rimonlaw.com

*Counsel for Kenneth Silverman, Chapter 7 Trustee*

**SO ORDERED.**

Dated: November 17, 2025
       New York, New York

/s/ Martin Glenn
The Honorable Martin Glenn
United States Bankruptcy Judge

6